# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ROBERT MCKINLEY WINSTON <br><br> *Defendant.* | CASE NO. 3:01–cr–00079 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

Defendant, represented by appointed counsel, has filed—pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015)—a motion to vacate his sentence. (Dkt. 58). He argues that *Johnson* entitles him to a reduced sentence, which when recalculated would result in his release from custody. The Government disagrees and filed a motion to dismiss.

The crux of Defendant's argument is that two of his prior convictions—one for robbery and another for rape—do not fit within the "force clause" of the Armed Career Criminal Act ("ACCA") based on 2010 precedent and, in light of the 2015 *Johnson* decision, cannot be shoehorned into the ACCA's "residual clause." If correct, those contentions would result in him possessing fewer than the number of qualifying convictions needed to receive an enhanced sentence under the ACCA.

Defendant's motion, however, must be denied. Although the Court agrees that intervening Supreme Court precedent from 2010 changed the test governing the ACCA's force clause, robbery in Virginia still classifies as a "violent felony," even under the revised formulation. Consequently, Defendant still has the requisite number of convictions justifying his ACCA-enhanced sentence.

## BACKGROUND

On November 13, 2001, Defendant was charged with two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 1). The Government subsequently filed a "notice of additional penalties pursuant to Title 18 United States Code 924(e)," informing Defendant that, if convicted, it intended to seek a sentencing enhancement imposing a 15-year minimum term based on his prior felony convictions of (1) rape, (2) robbery, (3) possession of cocaine with intent to distribute, (4) possession of cocaine, and (5) distribution of cocaine. (Dkt. 11).

After a one-day jury trial in April 2002, Defendant was found guilty on Count I and not guilty on Count II. (Dkt. 24). According to the probation office's presentence report ("PSR"), Defendant had four prior convictions that were qualifying felonies under the ACCA: (1) rape; (2) robbery; (3) possession of cocaine with intent to distribute; and (4) distribution of cocaine. (PSR ¶¶ 21-22, 28, 31). The PSR thus concluded, and the parties apparently agree for purposes of this motion, that Defendant's 1994 conviction for mere possession of cocaine is not an ACCA-qualifying felony. (*See* PSR ¶ 30). Only the robbery and rape convictions are in dispute now.

Ultimately, Defendant was sentenced to 275 months imprisonment. (Dkts. 40, 43). On appeal, the Fourth Circuit in 2003 affirmed Defendant's conviction and sentence in an unpublished opinion. (Dkt. 53). Defendant's instant motion was filed on February 10, 2016, within a year of the Supreme Court's 2015 *Johnson* decision. The Government, besides asserting that the motion is untimely, argues that the robbery conviction remains a qualifying ACCA felony and cursorily contends that the same is true of his conviction for rape under the Uniform Code of Military Justice. To those arguments the Court now turns.

ANALYSIS

I.     The ACCA, *Johnson I*, and *Johnson II*.

Under the ACCA, mandatory minimum 15-year sentences apply to certain individuals convicted of firearm possession who have at least three prior "violent felony" or "serious drug offense" convictions. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another~~.

§ 924(e)(2)(B). The Supreme Court—in what is denoted henceforth as *Johnson II*—invalidated as unconstitutionally vague the language stricken above, also known as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2555-56 (2015). But five years earlier—in what this opinion calls *Johnson I*—the Supreme Court also narrowed the scope of the "force clause," *i.e.*, § 924(e)(2)(B)(i).

*Johnson I* considered whether Florida's battery law, which permitted a finding of guilt even for nominal, nonconsensual contact, counted as a violent felony under the ACCA's force clause. *Johnson v. United States*, 559 U.S. 133, 138 (2010). Concluding in the negative, the Court reasoned that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (emphasis in original); *see id.* at 142 ("the term 'physical force' itself normally connotes force strong enough to constitute 'power'").

The upshot of this is that Defendant's motion depends upon the interplay of *Johnson I* and *Johnson II*. Either decision taken separately would have arguably left a clause of the ACCA

on which to pin Defendant's convictions. *See infra* footnote 2 and accompanying text. But taken together after *Johnson II*, so his thinking goes, the Government has no statutory locus for his convictions.

## II.  Timeliness of the Motion

Defendant argues that his motion is timely under 28 U.S.C. § 2255(f)(3), which provides a one-year limitations period on a motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson II*, he claims, provided such a right which is now retroactive.

The Government contests timeliness in a somewhat confusing fashion. (*See* dkt. 62 at 2-3, 5-6). It first acknowledges that "[i]t is the position of the United States that *Johnson* [*II*] is retroactive on collateral review," (*id*. at 3), a concession made shortly before the Supreme Court actually so held in *Welch v. United States*, -- U.S. --, 136 S. Ct. 1257 (Apr. 18, 2016). Intuitively, then, the motion is prompt, having been filed within a year of *Johnson II*.

Nevertheless, the Government calls the motion untimely. The Court divines from the Government's brief two arguments, neither of which is persuasive. At one juncture (dkt. 62 at 5-6), it asserts that:

> (1) robbery did fall and still falls (despite *Johnson I*) within the force clause, thus;
>
> (2) Defendant "continues to have three prior qualifying convictions," so;
>
> (3) *Johnson II* provides no refuge, and hence;
>
> (4) the motion is untimely, apparently because using *Johnson II* as the start-date under § 2255(f)(3) is a red herring.

While intelligible, this argument—particularly Premise (1)—puts the cart before the horse. Whether or not *Johnson I* entitles Defendant to relief goes to the merits of his motion (and, as

– 4 –

explained elsewhere and as relevant to Premise (3), also depends upon the existence of *Johnson II*). It therefore makes little sense to decide the applicability of *Johnson I* under the guise of resolving his motion on procedural grounds: The Court is deciding a merits issue either way.

The real heart of the Government's view appears to be that Defendant's robbery and rape convictions were made pursuant only to the force clause, although it points to nothing in the record to support that supposition.[1] (*See* dkt. 62 at 2 (asserting Defendant must "establish that both convictions previously qualified as predicate offenses only under the residual clause")). If that is correct, so the argument goes, then *Johnson I* in 2010 was the relevant start-date for the limitations period, and the motion is untimely. *Johnson II* simply has no role to play.

That argument is too clever by half. As explained above, Defendant's current claim to relief does not rest on *Johnson I* or *II* independently, but on them together—a point which means his motion was not ripe until after *Johnson II*. Under the Government's view, Defendant should have filed his § 2255 motion by March 2, 2011, within a year of *Johnson I*'s narrowing of the force clause. Of course, had he done so, the United States would have almost certainly urged—as it successfully has in a plethora of post-*Johnson I*, pre-*Johnson II* cases noted below—that his sentence still was valid because his convictions could be alternatively covered by the (now

---

[1] The Court has reviewed the indictment (dkt. 3), which does not mention the ACCA, and the Government's Notice of Enhanced Punishment (dkt. 11), which only generically refers to 18 U.S.C. § 924(e). At most, the probation office, in responding on June 13, 2002 to Defendant's third and fourth objections to the presentence report, referred to the force clause, as did the prosecutor briefly at sentencing. (Dkt. 37 at 23-25). However, probation's response did not foreclose reliance on the residual clause, *cf. infra* footnote 2, and the Government at sentencing in fact argued that the Court could apply the ACCA enhancement based "on many different ways." (Dkt. 37 at 23). The presentence report, response to objections, and sentencing transcript are on file in chambers.

– 5 –

unconstitutional) residual clause.[2] This makes the Government's admonition that *Johnson II* "is not a springboard from which to launch a reconsideration of every Armed Career Criminal determination" a bit ironic: Under its theory of timeliness, a defendant is incentivized to fire off § 2255 motions after every decision touching upon a basis for his sentence (even if alternative ways to uphold it clearly exist), rather than wait for a decision that could actually result in relief.[3] In any event, Defendant's motion—necessarily relying as it does on both *Johnson I* and especially *Johnson II* to corner the Government—is timely. The merits here should be decided. *See, e.g., United States v. Whindleton*, 797 F.3d 105 (1st Cir. 2015) (reaching merits to review Circuit precedent as to the force clause in light of *Johnson I* and after *Johnson II* invalidated the residual clause, which thus "dropped out of our case").

**III.     The Crime of Robbery in Virginia**

The Court first assesses whether robbery under Virginia law "has as an element the use, attempted use, or threatened use of physical force against" another.

---

[2]     *E.g., United States v. Carmichael*, 408 F. App'x 769, 771 n.2 (4th Cir. 2011); *Kilgore v. United States*, 522 F. App'x 631, 633 (11th Cir. 2013); *United States v. Scudder*, 648 F.3d 630, 633 n.3 (8th Cir. 2011); *United States v. Barnett*, 540 F. App'x 532, 538 (6th Cir. 2013) (White, J., concurring); *United States v. Hollins*, 514 F. App'x 264, 267-70 & n.2 (3d Cir. 2013); *United States v. Hart*, 674 F.3d 33, 44 (1st Cir. 2012); *United States v. Lee*, 458 F. App'x 741, 746-47 (10th Cir. 2012); *see United States v. Oner*, 382 F. App'x 893, 896 n.4 (11th Cir. 2010); *United States v. Serrano-Mercado*, 784 F.3d 838, 843-44 (1st Cir. 2015); *see also United States v. McNeal*, No. 14-4871, -- F.3d --, 2016 WL 1178823, at *8 n.8 (4th Cir. Mar. 28, 2016).

[3]     A corollary of the Government's incentive structure is that defendants would also be faced with the onerous procedural hurdle of § 2255(h). To take this case as an example, Defendant would have been required to file his *Johnson I* motion by March 2011, the Government would have argued (likely successfully, *see supra* footnote 2) that his conviction stood under the residual clause, and then—because a *Johnson II* motion would be a second petition—he would be required to seek preclearance from the Fourth Circuit to file that motion, denial of which is unreviewable. *See* 28 U.S.C. § 2244.

– 6 –

A.  The Fourth Circuit's Decision in *Presley* Is No Longer Good Law

It is simplest to start with the Government's straightforward position that a 1995 Fourth Circuit case squarely held that robbery in Virginia satisfied the force clause of 18 U.S.C. 924(e)(2)(B)(i).

> The Commonwealth of Virginia has adopted the common law definition of robbery, and as such robbery is defined as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'
>
> . . . We must assume that all of the elements of robbery in Virginia were met, including 'violence or intimidation.' Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, Presley's robbery convictions were properly used as predicates under ACCA.

*United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (internal citations omitted). Thus, says the Government, the matter is settled based on binding Circuit precedent. *See United States v. Ellis*, No. 1:12-cr-53, Mem. Op. at 12-15 (W.D. Va. Feb. 11, 2016) (Jones, J.) (concluding the same).

Defendant, however, argues that the law has changed since 1995, pointing to *Johnson I*. *See United States v. Williams*, 155 F.3d 418, 421 (4th Cir. 1998) ("To the extent that our prior decision in *Jordan* requires a different result, its holding is clearly undermined by the more recent Supreme Court decisions [so] we are not bound to follow it."). While the Fourth Circuit in *Presley* said that violence or intimidation under Virginia law amount to, respectively, force and the threat of force under the ACCA, the Supreme Court in *Johnson I* made clear that more than *de minimis* force was required to satisfy the ACCA: Force must be "violent," *i.e.*, "capable of causing physical pain or injury." Thus, Defendant reasons, *Johnson I* undercut *Presley* and requires a re-evaluation of whether robbery in Virginia falls within the force clause.

Indeed, Defendant asserts the Fourth Circuit has recognized the significance of *Johnson I* in other cases. In *United States v. Carthorne*, it concluded that "assault and battery of a police officer" under Virginia law is not categorically a "crime of violence" as that term is defined (almost identically to the ACCA's "violent felony") under the Sentencing Guidelines. 726 F.3d 503, 507, 510 (4th Cir. 2013). That case—following *Johnson I*'s lead and other decisions interpreting it—held that crimes entailing "the merest touching no matter how slight, did not have 'as an element, the use or attempted use of physical force.'" *Id*. at 513. Other cases contain similar reasoning.[4]

I must respectfully part company from the conclusion in *Ellis*, *supra*, that *Johnson I* does not impair the validity of the Fourth Circuit's *Presley* decision. The pre-*Johnson I* standard applied by *Presley* required only the merest use of force, which clearly was satisfied under Virginia law. But *Johnson I* elevated the necessary quantum of force from *de miminis* to "violent," a point the Fourth Circuit acknowledged in cases like *Carthorne* and *Aparico-Soria*. *Presley*, then, is premised on an inquiry that the law no longer recognizes, and thus that case does not decide the issue at hand. *See, e.g., United States v. Holloway*, 630 F.3d 252, 254-55 (1st Cir. 2011) ("Although *Johnson* [*I*] is not directly on point we nevertheless conclude that it casts sufficient doubt on the reasoning set forth in [prior precedent] to require us to take a fresh look at the issue"; concluding prior precedent was "no longer good law"). Of course, although the reasoning of *Presley* is no longer sound, its conclusion may still be correct if robbery under Virginia law satisfies *Johnson I*'s standard. It does.

---

[4] *E.g., United States v. Aparicio-Soria*, 740 F.3d 152, 153-56 (4th Cir. 2014) (*en banc*) (elements of resisting arrest under Maryland law do not satisfy force clause); *United States v. Montes-Flores*, 736 F.3d 357, 369 (4th Cir. 2013) (South Carolina's crime of "assault and battery of a high and aggravated nature" did not fall within force clause).

– 8 –

B.  Additional Arguments

Defendant—citing an unpublished case from the Virginia Court of Appeals—argues that Virginia law permits a robbery conviction in the absence of physical harm, and thus it cannot be a crime of violence under the force clause. *See Henderson v. Virginia*, No. 3017-99-1, 2000 WL 1808487, at *3 (Va. Ct. App. Dec. 12, 2000) ("The violence used does not need to be great or cause any actual harm to the victim. Tapping the victim on the shoulder and jerking her around is sufficient violence to support a robbery conviction even though the victim isn't knocked down."). Defendant further contends that robbery can be accomplished by "intimidation," which he also claims does not satisfy the force clause. He relies on Virginia intermediate appellate decisions holding that mere words can be intimidation if they put the victim in fear of bodily harm. *See Bivins v. Virginia*, 19 Va. App. 750, 753, 454 S.E.2d 741, 742 (Va. 1995); *Harris v. Virginia*, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (Va. 1986) (words and circumstances during sidewalk robbery sufficient to infer "fear of bodily harm").

These arguments are unavailing. First, it is important to refocus on the text of the force clause, which is met by even the "*threatened* use of physical [read: violent] force." This is satisfied under Virginia law by robbery's element of "intimidation," defined as taking intentional action to put another "in fear of bodily harm." *See Sutton v. Virginia*, 228 Va. 654, 663, 324 S.E.2d 665, 669-70 (Va. 1985); *Bivins*, 19 Va. App. at 752-53, 454 S.E.2d at 742; *Adeniran v. Virginia*, 63 Va. App. 617, 624, 761 S.E.2d 782, 785 (Va. Ct. App. 2014). Intentionally using words or actions for the purpose and to the effect of placing another in fear of "bodily harm" is functionally the same as threatening to use violence force. *See Johnson I*, 559 U.S. at 140 (threatened use of "violent force" means threatening "force capable of causing physical pain and

– 9 –

injury"). [5] Second, Defendant cites only intermediate state appellate decisions for the proposition that "violence" under Virginia's common law crime of robbery need not be great or cause actual harm, and in fact may be slight, which of course would not satisfy *Johnson I*. (Dkt. 58 at 9-10). But these cases are not binding on a federal court looking to state law. *Johnson I*, 559 U.S. at 138 (state supreme court interpretations of state law binds federal courts in ascertaining elements of state crime for ACCA purposes). [6] The Court looks to statements by the Virginia Supreme Court, which consistently and without qualification refer to robbery as involving "violence." *E.g.*, *Williams v. Virginia*, 278 Va. 633, 637, 685 S.E.2d 178, 180 (Va. 2009); *George v. Virginia*, 242 Va. 264, 277, 411 S.E.2d 12, 20 (Va. 1991). Given that "violence" and "violent force" are synonymous, the Court will not read a qualification into the former term. Thus, robbery in Virginia still satisfies the force clause, even after the standard-heightening decision in *Johnson I*.

---

[5] The "bodily harm"/"violent force" parallel created by *Johnson I* calls to mind the following exchange:

> *Col. Jessep*: I felt his life might be in danger.
> *Lt. Kaffee*: Grave danger?
> *Col. Jessep*: Is there any other kind?

A FEW GOOD MEN (Columbia Pictures 1992). That is, one who fears bodily harm based on a robber's intentional intimidation tactics is not concerned about mere *de minimis*, nonconsensual touching if she declines to hand over the money. That is why the dusty case of *Falden v. Virginia*, 167 Va. 549 (Va. 1937)—quotations thereof by Defendant the Court has been unable to substantiate—does not aid Defendant, even if accurate.

[6] *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *cf. Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276, 2291 (2013) (reserving "the question whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it"). Of course, here we have a common law crime, so resort to judicial rulings is a must.

– 10 –

### IV. Rape

Because robbery in Virginia is a violent felony that results in Defendant having three convictions satisfying the ACCA, the Court need not and does not consider whether Defendant's rape conviction under military law also qualifies as a predicate felony.

\* \* \*

Defendant's motion will be denied and the Government's responsive motion to dismiss will be granted. The Clerk of the Court is hereby directed to send a certified copy of this opinion to all counsel of record. An appropriate order will issue.

Entered this   11th   day of May, 2016.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE