IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT MCKINLEY WINSTON<br><br>*Defendant.* | CASE NO. 3:01–cr–00079<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This case is before the Court on a habeas petition based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Dkt. 58). Specifically, Defendant argues he no longer qualifies for a mandatory sentencing enhancement because his prior convictions for robbery under Virginia law and rape under military law are not "violent felonies" within the meaning of the Armed Career Criminal Act.

The Court previously denied the petition in an opinion and order but granted a certificate of appealability. (Dkt. 65, *available at* 2016 WL 2757451 (W.D. Va. May 11, 2016); dkt. 66 (order)). Before the judgment became final, the Fourth Circuit published *United States v. Gardner,* No. 14-4533, -- F.3d --, 2016 WL 2893881 (4th Cir. May 18, 2016), which held robbery under North Carolina law was not a violent felony. Defendant moved for reconsideration. (Dkt. 68). The Court vacated its opinion to assure it retained jurisdiction, avoid the possibility of prejudice to Defendant, and permit time for supplemental briefing. (Dkt. 69). The motions are now ripe.

The Court concludes that the reasoning of its May 11th opinion remains sound even after *Gardner*. Specifically, Virginia law—even intermediate appellate authority relied on by

Defendant—requires that violence be used to commit a robbery, and therefore a Virginia robbery conviction qualifies as an ACCA predicate felony.

## BACKGROUND AND PRELIMINARY LEGAL ISSUES

The Court's May 11, 2016 opinion provided the background of this case, summarized the Supreme Court's decisions in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*") and *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), and explained why the Government's statute of limitations argument fails. (Dkt. 65 at 2-6). The Court expressly adopts and incorporates by reference those discussions.

## ANALYSIS

**I.     The Crime of Robbery in Virginia**

   A.     The Fourth Circuit's Decision in *Presley* Is No Longer Good Law.

Likewise, the Court already explained in detail why *United States v. Presley*, 52 F.3d 64 (4th Cir. 1995)—which held that Virginia robbery was a violent felony—is no longer good law in light of *Johnson I*. (Dkt. 65 at 7-8). The Court thus incorporates by reference that discussion as well.

In supplemental briefing ordered to address *Gardner*, the Government reasserted its position that *Presley* remains good law, as ostensibly stated by *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), a case holding that federal bank robbery is a violent felony.

First, the Government suggests the Court "may have been unaware" of *McNeal*. (Dkt. 73 at 2 n.1). The text of the May 11th opinion disproves this assertion. (Dkt. 65 at 6 n.2 (citing, *inter alia*, *McNeal*)).

– 2 –

Second, *McNeal* applied the lenient "plain error" standard of review (rather than *de novo*) because of waiver in the trial court, and it involved a different crime than in *Presley*: federal bank robbery, as opposed to Virginia common law robbery. *McNeal*, 818 F.3d at 151.

Third and relatedly, *McNeal* recognized that *Presley* "addressed a state crime, rather than a federal offense, and a State is entitled to define its crimes as it sees fit." *Id*. at 153. Both *McNeal* and *Gardner* reaffirm that States are the final arbiters of their laws. That principle cuts in favor of looking directly to State law sources, rather than relying on statements in *McNeal* (which did not involve the law now at issue) about *Presley* (which contained a mere paragraph of summary analysis and—as explained in the May 11th opinion—has been undercut by intervening precedent).

Fourth, the Government represents that *McNeal* "expressly rejected the argument that intervening Supreme Court precedent, including *Johnson* [*I*], undermined earlier authorities such as *Presley*." (Dkt. 73 at 2 (emphasis added)). But the portion of *McNeal* relied upon by the Government addresses *Johnson I* vis-à-vis "authorities" *on federal bank robbery*, not *Presley*.

> McNeal and Stoddard assert, without further explanation, that *Johnson* rendered unpersuasive the earlier authorities concluding that § 2113(a) bank robbery is a crime of violence. *Johnson,* however, is entirely consistent with those authorities.

*McNeal*, 818 F.3d at 154 (underlined emphasis added).

Finally, *Gardner* strongly hints that *Presley* no longer remains good law because—as this Court reasoned on May 11th—*Presley* predated relevant intervening Supreme Court precedent. *Gardner*, 2016 WL 2893881, at *7.

With these points in tow, the Court turns to the relevance of *Gardner* and the substantive analysis of whether robbery is nevertheless a violent felony.

B.  Robbery Is Categorically a Violent Felony in Virginia

The Court applies the categorical approach, asking whether the generic elements of the offense categorically fall within the definition of a violent felony under the ACCA.[1] *Gardner*, 2016 WL 2893881, at *5. In doing so, the Court inquires into "the minimum conduct necessary for a violation under state law," which "includes any conduct to which there is a realistic probability . . . that a state would apply the law." *Id*. at *6 (internal quotations omitted).

1.  The May 11th opinion and *Gardner*

In my May 11th opinion, I concluded that Virginia robbery was a violent felony within the meaning of the ACCA. First, I rejected Defendant's reliance on intermediate appellate authority, which held that the "violence" needed to accomplish robbery "does not need to be great or cause any actual harm." (Dkt. 65 at 9-10). Second, I rejected Defendant's argument that accomplishing robbery by "intimidation" did not include the threat of violence force, as required by the ACCA. (*Id*. at 9-10 & n.5).

Subsequently, the Fourth Circuit decided *Gardner*, holding that North Carolina robbery—which, similar to Virginia robbery, can be accomplished by violence—was not an ACCA violent felony. 2016 WL 2893881, at *7-8. *Gardner* did not discuss the aspect of North Carolina robbery involving "fear." Accordingly, the Court does not revisit its prior analysis regarding the "intimidation" aspect of a Virginia robbery, as *Gardner* does not affect that reasoning.

2.  Even *Henderson* satisfies *Johnson I*'s definition of "violent force"

The May 11th opinion found that Virginia Supreme Court cases "consistently and without qualification refer to robbery as involving 'violence,'" which satisfied *Johnson I*'s

---

[1]  The parties have not argued that the modified categorical approach applies, and the Court concludes that they were correct in not doing so.

– 4 –

requirement that the force used must be "violent," *i.e.*, "capable of causing physical pain or injury." (Dkt. 65 at 3, 10 (citing cases)). After *Gardner*—which emphasized that "intermediate appellate court[s] constitute the next best indicia of what state law is," 2016 WL 2893881 at *6—Defendant contends that *Henderson v. Virginia*, No. 3017-99-1, 2000 WL 1808487 (Va. Ct. App. Dec. 12, 2000) shows robbery in Virginia can be accomplished by force that falls below the quantum of contact required by *Johnson I*.[2]

*Henderson* involved a robber who "struck [the victim], knocked her to the ground, grabbed her purse and continued to run." *Id*. at *1. Clearly, this force satisfies *Johnson I*. As the Court stated, "[i]f the accused pushes the victim in taking the purse, he has committed the requisite violence to be convicted of robbery." *Id*. at *3. In rejecting the robber's argument that there was insufficient evidence to establish the purse was taken by violence or intimidation, the Court of Appeals made the following comment, on which Defendant relies:

> The violence used <u>does not need to be great</u> or <u>cause any actual harm</u> to the victim. Tapping the victim on the shoulder <u>and</u> jerking her around <u>is</u> sufficient violence to support a robbery conviction even though the victim isn't knocked down.

*Id*. at *3 (underlined emphasis added). On close analysis, this *dicta* does not support Defendant's position.

The first sentence—that the violence need not be great or actually cause harm—meets *Johnson I*. *Johnson I* requires only that the force used be "capable of causing physical pain or injury." Of course, even less-than-great-force is capable of causing pain or injury. Likewise, that Virginia robbery exists without actual harm does not matter for ACCA purposes, because *Johnson I* requires only that the force is "capable" of producing such harm.

---

2  Defendant cites other cases, but *Henderson* is the case closest to supporting his position.

The second sentence also falls within *Johnson I*. If merely tapping a victim on the shoulder sufficed for robbery, such conduct would fall short of *Johnson I*'s violent force requirement. But that is not what *Henderson* says: It uses the conjunctive phrase "and jerking around"—along with the singular verb "is"—to denote that the example is a singular noun, not a plural disjunctive. This is legally significant, because it makes the "jerking"—which does satisfy *Johnson I*'s definition of violent force—part of the "minimum conduct necessary for a violation under state law." *Gardner*, 2016 WL 2893881, at *6.[3]

Finally, *Gardner* used intermediate appellate authority (like *Henderson*) to *bolster* a conclusion already made apparent by the North Carolina Supreme Court: Even *de minimis* contact suffices for a North Carolina robbery. *Id*. at *7. Here, Virginia Supreme Court decisions point in the opposite direction, as the Court already stated in its May 11th opinion. (Dkt. 65 at 10). Even assuming that *Henderson* otherwise supports Defendant's argument, the Court cannot elevate an unpublished intermediate state court decision above a ruling of that state's Supreme Court. To do so would: (1) violate the principle that federal courts applying state law are "bound by the [state] Supreme Court's interpretation of state law," *Johnson I*, 559 U.S. at 138, and; (2) unjustifiably override Virginia's own doctrine that unpublished opinions are not binding precedent. Va. Sup. Ct. R. 5:1(f); *Christian v. Virginia*, 59 Va. App. 603, 609, 721 S.E.2d 809, 812 (Va. Ct. App. 2012).

For these reasons, *Gardner* and *Henderson* do not aid Defendant's position

---

[3] To state the point more formally, *Henderson* says that R = (A+B). And because B satisfies *Johnson I*, then robbery according to *Henderson* does as well.

– 6 –

**II.     Rape**

Because robbery in Virginia is a violent felony that results in Defendant having three convictions satisfying the ACCA, the Court need not and does not consider whether Defendant's rape conviction under military law also qualifies as a predicate felony.

\* \* \*

Defendant's motion for reconsideration will be denied. The Court will also reinstate its May 11th opinion and order. The May 18th order granting a certificate of appealability will also be reinstated. An appropriate order will issue.

Entered this __21st__ day of July, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE