CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 25 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 3:01–cr–00079 |
|---|---|
| v. | |
| ROBERT MCKINLEY WINSTON, | MEMORANDUM OPINION |
| Defendant. | JUDGE NORMAN K. MOON |

This case is before the Court on remand from the Fourth Circuit for further consideration of Defendant's habeas petition. *See generally United States v. Winston*, -- F.3d --, No. 16-7252, 2017 WL 977031 (4th Cir. Mar. 13, 2017). The present issue is whether—in light of the Supreme Court's decisions in *Johnson I*[1] and *Johnson II*[2]—Defendant's 1980 conviction for rape under military law qualifies as a predicate offense within the meaning of the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(2)(B)(i). It does not. Accordingly, the Court will **GRANT** Winston's motion. The length of Defendant's original, ACCA-enhanced sentence is vacated, and the Court will resentence him to time served.

I. **Analysis of Defendant's Prior Conviction after *Johnson I* and *II***

In 1980, Defendant was convicted of rape under Article 120 the Uniform Code of Military Justice. *See* 10 U.S.C. § 920; dkt. 80 (PSR) ¶ 21. At that time, the relevant statute read as follows:

---

[1] *Johnson v. United States*, 559 U.S. 133 (2010) (narrowing scope of 18 U.S.C. § 924(e)(2)(B)(i) to only violent physical force).

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding catch-all "residual" clause in 18 U.S.C. § 924(b)(2)(B)(ii) unconstitutionally vague); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson II* applies retroactively).

> (a) Any person subject to this chapter who commits an act of sexual intercourse with a female not his wife, *by force* and without her consent, is guilty of rape and shall be punished by death or such other punishment as a court-martial may direct.
>
> (b) Any person subject to this chapter who, under circumstances not amounting to rape, commits an act of sexual intercourse with a female not his wife who has not attained the age of sixteen years, is guilty of carnal knowledge and shall be punished as a court-martial may direct.
>
> (c) Penetration, *however slight*, is sufficient to complete either of these offenses.

10 U.S.C. § 920 (1976) (emphasis added); 70A Stat. 73 (1956) (emphasis added); *see Relford v. Commandant, U.S. Disciplinary Barracks, Ft. Leavenworth*, 401 U.S. 355, 361 n.9 (1971).

When deciding if a crime qualifies as an ACCA predicate offense, courts assess whether the crime is divisible (thus requiring application of the modified categorical approach) or indivisible (thus calling for the categorical approach). *See Winston*, 2017 WL 977031, at *4 n.5; *United States v. Gardner*, 823 F.3d 793, 802–03 (4th Cir. 2016). The parties agree that Defendant was convicted of rape under § 920(a), rather than of carnal knowledge of a minor under § 920(b). (*See* dkt. 58 (Def's Br.) at 6; dkt. 62 (Gov't Br.) at 1–2, 6; PSR ¶ 21). Because § 920(a) consists of only a single crime and the parties have not argued otherwise, the categorical approach applies.

Under that approach, the Court compares the generic elements of the offense to the "violent force" requirement in the ACCA, as articulated by *Johnson I*. In so doing, the Court looks to the minimum conduct necessary to establish a conviction for rape. *See Winston*, 2017 WL 977031, at *5; *Gardner*, 823 F.3d at 803. If the generic elements of rape under military law can be satisfied even without a defendant's use of violent force, then that crime does not qualify as an ACCA predicate offense.

Here, the statute itself shows that a defendant can be guilty of rape without the use of violent force. Although § 920(a) requires the existence non-consensual sex "by force" for a rape conviction, § 920(c) clarifies that even "slight" penetration "is sufficient."

Likewise, the case law reveals that military courts uphold rape convictions in the absence of violent physical force.

> In the law of rape, various types of conduct are universally recognized as sufficient to constitute force. The most obvious type is that brute force which is used to overcome or prevent the victim's active resistance. *Physical contact, however, is not the only way force can be established.* Where intimidation or threats of death or physical injury make resistance futile, it is said that 'constructive force' has been applied, satisfying this element. Closely related to these is the situation in which the victim is incapable of consenting because she is asleep, unconscious, or lacks mental capacity to consent. *In such circumstances, the force component is established by the penetration alone.* Military law conforms with these principles.

*United States v. Palmer*, 33 M.J. 7, 9 (C.M.A. 1991) (internal citations omitted) (emphasis added); *see United States v. Haire*, 44 M.J. 520, 524 (C.G. Ct. Crim. App. 1996) ("the force element of the offense is established by penetration alone" if "the victim is unable to resist because of the lack of mental or physical facilities").

Military courts thus have explained that the "required force" for a rape conviction need not be actual but instead may be "constructive." *United States v. Simpson*, 55 M.J. 674, 696–97 (Army Ct. Crim. App. 2001) (reviewing cases and concept of constructive force), *aff'd*, 58 M.J. 268, 378–39 (C.A.A.F. 2003). "The doctrine of constructive force is used in those situations when no force is needed to accomplish the rape beyond what is involved in the act of intercourse itself . . . ." *United States v. Clark*, 35 M.J. 432, 425–436 (C.M.A. 1992). This concept in military law "dates back at least as far as 1917" and possibly as early as 1886, when Colonel William Winthrop wrote that it "is not essential that the force employed consist in physical violence." *Id.* at 436 (quoting W. Winthrop, *Military Law* 871 (1886)).

Cases both before and after Defendant's date of conviction show that a person may be convicted of rape without employing violent force. For instance, rape convictions under military law have been upheld when: the victim did not struggle because resisting multiple soldiers' advances would have been futile[3]; a father used "the compulsion of long continued parental duress" and "parental coercion" to rape his daughter, but did not use physical force other than the act of penetration;[4] and a defendant had intercourse with an unconscious victim.[5]

In sum, rape under military law may occur even when "the actual force applied was minimal." *Lewis*, 6 M.J. at 583.[6] As a result, Defendant's rape conviction under military law does not categorically qualify as an ACCA predicate offense.[7] The upshot is that he has only two ACCA-qualifying convictions.

## II. Remedy

Defendant's present motion challenges his sentence stemming from a 2002 conviction for possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1); (dkt. 43 (Judgment)). A felon-in-possession offense generally carries a *maximum* 10-year sentence. 18 U.S.C. § 924(a)(2) (2002).

---

[3] *United States v. Evans*, 6 M.J. 577, 579–80 (Army C.M.R. 1978); *United States v. Lewis*, 6 M.J. 581, 583–84 (Army C.M.R. 1978).

[4] *United States v. Dejonge*, 15 M.J. 974, 976 (A.F.C.M.R. 1983); *see Palmer*, 33 M.J. at 9–11.

[5] *United States v. Carver*, 12 M.J. 581, 582–83 (A.F.C.M.R. 1981); *Haire*, 44 M.J. at 523–24.

[6] "[W]e find that although the actual force applied was minimal, there was effective constructive force and implied threats due to the three to one male to female ratio, the presence of lethal weapons, the state of close conferment in the jeep and the desolate and despairing wooded scene."

[7] Defendant points out that the Fourth Circuit has held that North Carolina's rape statute, which is substantively similar to rape under military law, does not involve violent force. *United States v. Shell*, 789 F.3d 335, 341–43 (4th Cir. 2015); *see also United States v. Alfaro*, 835 F.3d 470, 478 (4th Cir. 2016).

But at the time of sentencing in 2002, it was thought Defendant had three or more prior convictions that were each "a violent felony or a serious drug offense." *Id.* § 924(e)(1) (2002). Those convictions resulted in a sentencing enhancement requiring Defendant to receive a *minimum* sentence of 15 years. *Id.* In fact, he received a 22-year, 9-month sentence based on the Sentencing Guidelines' recommendation and Judge Michael's decision to depart upward.[8]

Of course, the Fourth Circuit recently concluded that Defendant's prior robbery conviction does not qualify as an ACCA-predicate offense, and this Court has concluded the same regarding his rape conviction. *See supra*. This drops Defendant below the three-predicate-offense threshold needed for the sentencing enhancement, so § 924(a)(2)'s default *maximum* 10-year sentence should have applied. Defendant has now served several years over that 10-year maximum, so he appears entitled to immediate release.[9] The parties agree that because Winston has served time well beyond the statutory maximum, he should be entitled to immediate release and need not serve a term of supervise release. Accordingly, the Court will resentence Winston

---

[8] Under the 2001 Guidelines used at sentencing, Defendant's sentencing range was 210 to 262 months based on a criminal history category of V and an offense level of 33. (*See* PSR ¶¶ 9, 19, 35). Judge James Michael granted the Government's motion for an upward departure and sentenced Defendant to 275 months. (*See* dkt. 31; dkt. 37 (Sentencing Hr'g Tr.) at 50–53, 66–72; dkt. 43 (Judgment) at 2).

[9] The only complication is that Defendant's felon-in-possession conviction also provided a basis for a supervised release violation, and thus for additional time. But Defendant has by now served both the supervised release sentence and his corrected felon-in-possession sentence.

In 1995, Defendant was convicted of a drug trafficking offense. (*See* dkt. 31 in *United States v. Winston*, No. 3:94-cv-14 (W.D. Va.)). A supervised release violation report was filed in June 2001 stemming from the events that eventually lead to his felon-in-possession conviction. (*See id.* dkt. 26; *see also* PSR ¶ 3). Defendant received 18 months incarceration for the supervised release violation. (Dkt. 31 and 9/24/2001 Docket Entry in Case No. 3:94-cv-14).

During his felon-in-possession case, Defendant asked that his violation sentence run concurrently with this sentence for the offense itself, but Judge Michael apparently denied the motion. (*See* Sentencing Hr'g Tr. at 72–73; dkts. 33–35, 38; Oral Order of 11/08/2002). Even adding the additional year and a half of time onto the 10-year maximum under § 924(a)(2), Defendant has served well over 11.5 years in federal custody since 2002.

to time served. Further, the Federal Bureau of Prisons will be **ORDERED** to release Winston as soon as practicable from his current facility of incarceration.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record, as well as to the Bureau of Prisons and the Warden at Petersburg Federal Correctional Institution, P.O. Box 1000, Petersburg, Virginia 23804. An appropriate Order and Amended Judgment will issue.

Entered this 25th day of April, 2017.

                                                  NORMAN K. MOON
                                                  UNITED STATES DISTRICT JUDGE